UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

UNITED STATES : 04 CR 811 (ARR)
:
                        Plaintiff, :
: <u>NOT FOR ELECTRONIC</u>
: <u>OR PRINT</u>
    -against- : <u>PUBLICATION</u>
:
SHAUN LOUIS MARSHALL, : <u>OPINION AND ORDER</u>
:
                        Defendant. :
:
------------------------------------------------------------- X

ROSS, United States District Judge:

Defendant Shaun Louis Marshall requests that his trial be transferred from the Eastern District of New York to the Eastern District of Texas on the grounds of convenience for the defendant and in the interests of justice, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. <u>See</u> Defendant's Request Letter, Oct. 20, 2005. The government opposes this transfer of venue. <u>See</u> Government Letter Opposing Transfer, Oct. 26, 2005.

For the reasons stated below, the court denies defendant's motion to transfer venue.

**BACKGROUND**

Defendant is charged with knowingly and intentionally placing explosives on an aircraft in, and intended for operation in air transportation; knowingly delivering and causing to be delivered a container containing ammunition to a common carrier for transportation in interstate commerce, without written notice to the carrier that such ammunition was being transported or shipped; and knowingly and intentionally attempting to place and have placed explosives on an

1

aircraft in, and intended for operation in air transportation, all in violation of 49 U.S.C. 46505(b)(3) and 18 U.S.C. 922(e). Indictment, Sept. 9, 2004.

Defendant was previously employed by Dyncorp International as an Emergency Medical Technician. Government Letter Opposing Transfer, Oct. 26, 2004. In August 2004, defendant was stationed in Afghanistan. Id. On or about August 18-19, 2004, defendant allegedly traveled by plane from Afghanistan to Dubai, United Arab Emirates, then continued on to John F. Kennedy International Airport (JFK). Id. During a routine screening, the Transportation Security Administration (TSA) at JFK discovered Arabic-language pamphlets, a bomb-detonating fuse, a missile, and a container of ammunition in the defendant's checked luggage. Id. The Port Authority Police Department (PAPD) interviewed defendant and then allowed him to continue on to California to visit his then-girlfriend. Id. The munitions were turned over to the New York City Police Department (NYPD) bomb squad, and are currently stored in a NYPD facility in Pelham Bay, New York. Id.

JFK-based Federal Bureau of Investigations (FBI) agents began investigating this incident. Id. The defendant was then arrested by California-based FBI agents in Riverside, California on August 22, 2004. Id. Defendant appeared before a U.S. Magistrate Judge in Riverside, California on August 23, 2004, and was released on bail. Id. Defendant was indicted in the Eastern District of New York on September 9, 2004. Indictment. He appeared before this court on September 17, 2004. Docket, Sept. 17, 2004. His appearance has been waived at several court appearances the arraignment. See, e.g., Docket, Oct. 27, 2004; Docket, Dec. 2, 2004; Docket, Feb. 28, 2005; Docket, Aug. 4, 2005.

On June 22, 2005, the defendant was granted permission to relocate to Texas with his girlfriend. Docket, Aug. 5, 2005. He has since separated from his girlfriend. Defense Request Letter, Oct. 20, 2005. The defendant is currently living in Tyler, Texas; he attends Tyler Community College and lives on campus. Id.

**DISCUSSION**

The decision to transfer venue rests in the discretion of the trial judge. Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240, 245 (1964). As a general rule, a criminal prosecution should be retained in the original district in which it was filed. See U.S. v. Guastella, 90 F. Supp. 2d 335, 338 (S.D.N.Y. 2000). The moving party bears the burden of setting forth sufficient facts to warrant transfer. U.S. v. Persico, 621 F. Supp. 842, 858 (S.D.N.Y. 1985).

The parties agree that courts consider ten basic factors in evaluating a request to transfer venue: (1) location of the defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of relevant documents and records; (5) potential for disruption of defendant's business unless the case is transferred; (6) parties' expenses; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division potentially involved; and (10) any other special circumstances which might affect the desirability of transfer. Platt, 376 U.S. at 243-244. See also U.S. v. Maldonado-Rivera, 922 F.2d 934, 966 (2d Cir. 1990); U.S. v. Beeman, No. 01 CR 1141, 2003 U.S. Dist. LEXIS 15050, at *9-10 (S.D.N.Y. Aug. 29, 2003).

### 1) Defendant's Location

When possible, defendants should be tried where they reside. U.S. v. Russell, 582 F. Supp. 660, 662 (S.D.N.Y. 1984). However, inconvenience to the defendant or his business is not, by itself, a sufficient basis for a transfer of venue. U.S. v. Antia, No. 97 CR 733, 1999 U.S. Dist. LEXIS 5702, at *4 (S.D.N.Y. March 22, 1999) (citing U.S. v. Wheaton, 463 F. Supp. 1073, 1078 (S.D.N.Y. 1979), aff'd, 614 F.2d 1293 (2d Cir. 1980)).

The defendant is currently living and attending classes in Tyler, Texas. However, as the government notes, the defendant does not have a long-term attachment to Texas; he has lived there less than six months. Although a transfer of venue would undoubtedly be more convenient for the defendant, the court must also consider the other factors identified above. Additionally, it is important to note that the defendant's location, while relevant to the convenience to parties, has "no independent significant in determining whether transfer... would be in the interest of justice..." Maldonado-Rivera, 922 F.2d at 965.

### 2) Location of Possible Witnesses

Most of the witnesses expected to testify at trial and at any pre-trial proceedings live and work in the New York metropolitan area. The government anticipates calling TSA members who screened the defendant's luggage, PAPD officers, the FBI case agent, member of the NYPD bomb squad, and members of the U.S. Army's 760th Ordinance company (stationed in New Jersey) who examined the munitions to testify at trial and/or any suppression hearings held. See Government Letter Opposing Transfer, Oct. 26, 2005. All of these individuals are based in the New York metropolitan area. The government also anticipates calling a California FBI agent,

4

who would have to travel from California to either trial location. Id. Finally, the government plans to call a Dyncorp employee to testify; the Dyncorp employee, who is likely to be from Dyncorp's headquarters in Irving, Texas, is the only government witness for whom a Texas venue would be more convenient. Id. The only identified defense witness, a munitions expert who lives in North Carolina, would have to travel to either trial location. Therefore, this factor weighs heavily against a transfer of venue.

### 3) Location of Relevant Events

The munitions in question were discovered in the defendant's luggage when it was examined by the TSA at the JFK Airport in the Eastern District of New York. The Eastern District of New York has a clear interest in prosecuting crimes involving aircraft landing at airports within the District. See Antia, 1999 U.S. Dist. LEXIS 5702, at *6. None of the events relevant to this case occurred in Texas. This factor therefore weighs heavily against a transfer of venue.

### 4) Location of Relevant Documents and Records

The government notes that the location of documents and records would not be a serious impediment to transferring venue in this case. See Government Letter Opposing Transfer, Oct. 26, 2005. The location of the seized munitions, however, may weigh against transfer. The munitions are stored in Pelham Bay, NY. Id. The government does not expect to present the munitions themselves at trial; rather photographs and test results will be presented. Id. However, both government and defense witnesses may need to examine and test the munitions

5

prior to trial. Id. It therefore seems plausible that there is some utility in maintaining venue in the district closest to the munitions' storage location, the Eastern District of New York.

**5) Potential Disruption of Defendant's Business**

As defense counsel asserts, transferring this case to the Eastern District of Texas would make it easier for the defendant to pursue his education, since he would not have to travel to meet with his lawyer, for hearings, or for the trial itself. See Defense Request Letter, Oct. 20, 2005. However, as the government notes, the defendant is likely to have to miss class for hearings and the trial regardless of the location. See Government Letter Opposing Transfer, Oct. 26, 2005. Additionally, it may be possible to schedule hearings and the trial so as to pose the least possible conflict with defendant's classes.

**6) Expenses**

The greatest expense in this case is expected to be the cost of transporting and, if necessary, housing government witnesses. Id. Since, as is discussed above, most government witnesses are in the New York area, this cost will be minimized by maintaining venue in the Eastern District of New York. The government notes that the defendant is represented by a public defender, and will therefore incur few if any of the expenses associated with this trial; costs associated with provision of a defense attorney and an expert defense witness will be borne by the government and are likely to be similar in either venue. Id. This factor, therefore, weighs against transferring venue.

### 7) Location of Counsel

The government suggests notes that new counsel would probably be assigned for both the prosecution and defense if the case were transferred to Texas. Id. However, as noted by the government, such a transfer would be inefficient given that the New York-based prosecutors and defense attorney have already spent time and resources becoming familiar with the case. Id.

### 8) Relative Accessibility of the Place of Trial

As noted by the government, the Eastern District of New York is more easily accessible for everyone involved in this case, with the exception of the defendant himself. Id.

### 9) Docket Condition of Each District and Division

The defendant suggests that the criminal caseload of judges within the Tyler Division of the Eastern District of Texas is, on average, significantly lower than that of judges in the Eastern District of New York. See Defense Request Letter, Oct. 20, 2005. While this may be true, the court does not feel that the trial in this case, which is expected to last approximately one week, would pose a significant hardship for the court. The court is prepared to try the case as soon as the parties are able and available to do so. Therefore, this factor is deemed to be of no significance in this instance.

### 10) Other Special Circumstances

No additional factors are suggested by the defense. Id. The government, citing Maldonado-Rivera, 922 F.2d at 966, notes that timing of the transfer motion has previously been

considered as a relevant factor. See Government Letter Oppsing Transfer, Oct. 26, 2005. The fact that this case was pending in the Eastern District of New York for almost one year before the defendant moved for a transfer of venue, coupled with the fact that the defendant has only lived in Texas for approximately four months, suggest that the timing of the motion may favor retaining venue in the Eastern District of New York.

**CONCLUSION**

Balancing all of the factors set forth above, the court finds that the convenience of the parties and the interests of justice would be best served by retaining venue in the Eastern District of New York. The location of the witness, relevant events, relevant evidence in the New York area, coupled with the lower expenses of conducting the trial in New York, outweigh the convenience to the defendant himself of transferring venue to the Eastern District of Texas.

For the foregoing reasons, the court denies defendant's motion to transfer venue.

SO ORDERED.

                                      Allyne R. Ross
                                      United States District Judge

Dated: November 22, 2005
       Brooklyn, New York

SERVICE LIST

       Prosecutor
       Lawrence Philip Ferazani
       United States Attorney
       Eastern District of New York
       147 Pierrepont Street
       Brooklyn, NY 11201

       John A. Nathanson
       Assistant United States Attorney
       Eastern District of New York
       One Pierrepont Plaza
       Brooklyn, NY 11201

       Defense Attorney
       Andrew L. Carter, Jr.
       Legal Aid Society
       Federal Defender Division
       16 Court Street
       Brooklyn, NY 11241